IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PRYCE, III,<br><br>        *Plaintiff,*<br><br>v.<br><br>PRIMECARE MEDICAL, *et al.*,<br><br>        *Defendants.* | CIVIL ACTION<br>NO. 21-753 |

**PAPPERT, J.**                                                                                       March 28, 2023

## MEMORANDUM

This case has a convoluted procedural history. *See, e.g.,* (ECF 1–17). David Pryce's Amended Complaint (ECF 18) is an amalgam of legal jargon and grievances that are difficult to discern. His purported allegations appear to stem from charges of driving under the influence, in part because Pryce's eyes were red, something he claims was not caused by drinking, but rather from "being tired, having the flu, bronchitis and pinkeye." (*Id.* at p. 10.)

From that, Pryce references, among other things, in no particular order and with opaque context:

> Malicious prosecution;
> Overzealous district attorneys;
> Sentence entrapment / illegal sentences;
> Judicial and prosecutorial misconduct;
> Intimidated into a guilty plea;
> Assaulted by prison staff;
> Retaliated against;
> Denied attempts at appeal of grievances;
> Denied his ballot to vote;
> Prior convictions and PCRA filings;
> Placed in a cell with a "dangerous felon" who threatened him;
> Fear that he will not be able to resume his masters degree in education; and

1

>       Contracting Covid-19 during confinement.

(*Id*. at pp. 7–23.)

He summarizes his claims "Per Curium" (sic) as "Assault, Criminal Negligence, Conspiracy, 1st, 4th, 5th, 8th, 14th Amendment et. al." (*Id*. at § II.B, p. 28.) In explaining how each defendant acted under color of state law, Pryce states:

> Legal Profession, Medical Profession, Foodservice Pro., Supervisory Pro., Corrections Officer, Illegal Torturous (sic) Confinement, Personal Injury incurred in confinement, Assault in confinement, Criminal Neglect, due process, double jeopardy, Illegal Sentencing, False Imprisonment, Willful Indifference, Negligent Criminal Assault.

(*Id*. at § II.D, p. 29.)

Under the Statement of Claim section, Pryce says he is asserting, among other things, "4 assault, 6 Covid and 10 torutous (sic) confinement" claims against various individuals, none of whom are named defendants in his Amended Complaint. (*Id*. at § IV.A–B, p. 29.) He seeks punitive damages, one million dollars to "offset psychological damages and disability," two million dollars for medical pain and suffering, two thousand dollars a day for "illegal and restricted confinement," five million dollars for his "forced Covid-19 infection" and additional unspecified damages for "future complications." (*Id*. at § VI, p. 30.)

Pryce sued Primecare Medical, Inc., Chester County, Chester County Prison and GF Correctional Service, LLC (improperly pleaded as Gourmet Diners). It is not clear from the docket if any of the defendants were properly served with the Amended Complaint, though Primecare and GF Correctional have moved to dismiss it. (ECF 43, 49.) The Court grants the motions and dismisses the Amended Complaint without prejudice because it fails to comply with Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). Pryce has not provided a "a plain statement" of his claims that would "give [a]

defendant fair notice of what the…[claims are] and the grounds upon which [they rest]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citing Fed. R. Civ. P. 8(a)(2)). Pryce similarly failed to plead facts that would allow the Court to make a reasonable inference that the Defendants are liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

Pryce also filed several motions which are premature and/or frivolous (ECF 40, 44, 47, 50, 52 and 53) and they are all denied as moot. Pryce will be allowed to amend his Amended Complaint one last time, consistent with the accompanying Order.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.