# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID PRYCE, III,
    *Plaintiff,*

v.

PRIMECARE MEDICAL, *et al.*,
    *Defendants.*

CIVIL ACTION
NO. 21-753

## ORDER

**AND NOW**, this 28th day of March, 2023, for the reasons stated in the accompanying Memorandum, the Motions to Dismiss at ECF 43 and 49 are **GRANTED** and Pryce's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. ECF Nos. 40, 44, 47, 49, 50, 52 and 53 are **DENIED AS MOOT**. The Clerk shall remove the gavel from the docket next to ECF 45 as that is properly construed not as a motion, but rather as Pryce's response to ECF 43.

1. Pryce may file a second amended complaint within thirty (30) days of the date of this Order. The second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Pryce's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his second amended complaint, Pryce should be mindful of the Court's reasons for dismissing the claims in his amended complaint as explained in the Court's Memorandum.

2. The Clerk of Court is **DIRECTED** to send Pryce a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Pryce may use this form to file his second amended complaint if he chooses to do so. This form is also available on the Court's website https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf. [1]

3. If Pryce does not wish to file a second amended complaint and instead intends to stand on his amended complaint, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

---

[1] The Court recognizes that Pryce is no longer incarcerated, but because his claims pertain to events that occurred during his incarceration, the Court is providing the standard form complaint for a prisoner filing a civil rights action though some of the information called for therein might not be applicable to him.

      4.      If Pryce fails to file any response to this Order, the Court will conclude that he intends to stand on his amended complaint and will issue a final order dismissing this case. *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                      BY THE COURT:

                                      ***/s/ Gerald J. Pappert***
                                      GERALD J. PAPPERT, J.