IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DAVID PRYCE, III,<br><br>　　　　　　　*Plaintiff,*<br><br>　v.<br><br>PRIMECARE MEDICAL, et al.,<br><br>　　　　　　　*Defendants.* | CIVIL ACTION<br>NO. 21-753 |

**Pappert, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**August 12, 2024**

## MEMORANDUM

　　　　This case has remained at the motion to dismiss stage through two judges and three years. David Pryce filed his initial Complaint in February 2021, (ECF No. 2), which Judge Tucker subsequently dismissed without prejudice for failure to prosecute. (ECF No. 7.) She later vacated her dismissal. (ECF No. 9)[1]

　　　　After being granted continuances, (ECF Nos. 14, 15), Pryce eventually filed an Amended Complaint. (ECF No. 18.) The case was reassigned to this Court, (ECF No. 28), and the Court dismissed Pryce's Amended Complaint without prejudice for the reasons explained in an accompanying Memorandum. (ECF Nos. 60, 61.) The Court made clear Pryce could amend "one last time," (ECF No. 60), and provided instructions on how to do so. More specifically, the Court told Pryce any second amended complaint he filed had to be a "complete document" that did not rely on his first Complaint or any of his other filings. (ECF No. 61.) The Court also told him to identify all defendants he

---

[1]　　　　When Judge Tucker reopened the case, Michael Clinger joined the lawsuit as an additional plaintiff. (ECF No. 9.) Pryce and Clinger subsequently sought to add a third plaintiff, Joel DeFreytas, II. (ECF No. 17.) Before Judge Tucker ruled on the motion, Clinger and DeFreytas each filed their own complaints (ECF Nos. 19, 20.) Judge Tucker severed their filings to address each case on its own, and Clinger and DeFreytas were terminated as plaintiffs in this case. (ECF No. 21.)

1

intended to sue and to state the basis for his claims against each of them. (*Id.*) And the Court instructed him to be mindful of the Court's reasons for dismissing his first Complaint, as explained in the Court's Memorandum. (*Id.*)

Pryce filed his Second Amended Complaint, (ECF No. 69), on September 22, 2023, 21 days after the Court's September 1 deadline for doing so. *See* (ECF No. 68.) Defendants PrimeCare Medical and GD Correctional Services, LLC (referred to by Pryce as Gourmet Diners) separately moved to dismiss. (ECF Nos. 70, 71.) While Pryce's Second Amended Complaint was a "spare and barebones" standard form containing almost no factual allegations, his responses to the motions included new alleged facts, giving the Court hope that it could, at some point, resolve the case on the merits. The Court therefore denied the motions without prejudice and gave Pryce yet another, and again "final," chance to amend. (ECF No. 77.)

Pryce was given until March 29 to file a third amended complaint, and the Court once again explained how to do so. (*Id.*) The Court also gave Pryce the option of standing on his Second Amended Complaint, with Pryce required to file the appropriate notice if that was what he wanted to do. (*Id.*) Pryce chose neither option, filing nothing more. Defendants now move to dismiss the Second Amended Complaint, (ECF Nos. 78, 79), and the Court grants the motions.

I

The Second Amended Complaint consists of a standard form, specifically a prisoner complaint for a civil rights violation.[2] It is, consistent with his prior pleading,

---

[2] Although Pryce is no longer incarcerated, the Court provided him with this form since his claims pertain to events that occurred while he was incarcerated. *See* (ECF Nos. 61, 68, 77.)

difficult to discern. While he does not specify which of them are responsible for the alleged conduct, he names as defendants Chester County Prison, George Roberts, "CO Pate" and "CO Edmonds," as well as Chester County and several other individuals. (Sec. Am. Compl. p. 2.)[3] As best the Court can tell, these individuals are Chester County Court of Common Pleas Judge Jeffrey Sommer, Erik Walschburger and "All DA Attorneys." (*Id.*) He also names PrimeCare Medical—but none of its individual staff— as well as GD Correctional and "Supervisor Lewis." (*Id.* at 3.)

Pryce contends each defendant was acting under color of state law and "did not protect [him]." (*Id.* at 4.) He alleges he was "sentenced 2x for the same charge max out," and received the "wrong charge." (*Id.* at 3, 5.) Additionally, he alleges he "got hit by a state employee and got Covid because the prison would not protect." (*Id.* at 3.) Pryce further contends he "got beaten," had his left hand and chest "crushed," suffered back injuries, and is now permanently disabled and unable to move his left arm. (*Id.* at 4–5.) He also claims to have lost his support dog. (*Id.* at 4.) Pryce does not know the date and approximate time the events he complains of occurred. (*Id.* at 5.) He seeks thirty-five million dollars in damages. (*Id.*)

## II

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain facts sufficient to state a claim that is facially "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the facts pleaded permit a court to make the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

---

[3]     Page numbers are those assigned by ECF unless otherwise specified.

The "mere possibility of misconduct" is not enough; the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* at 678–79 (quoting *Twombly*, 550 U.S. at 570).

Determining plausibility is a "context-specific task" requiring a court to use its "judicial experience and common sense." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016)). In making this determination, the court assumes well-pleaded facts are true, construes those facts in the light most favorable to the plaintiff, and draws reasonable inferences from them. *Connelly*, 809 F.3d at 790. But "[c]onclusory assertions of fact and legal conclusions" are not entitled to the presumption of truth. *Schuchardt*, 839 F.3d at 347. "A complaint must do more than *allege* entitlement to relief;" it must "'show' such an entitlement with its facts." *Hart v. City of Philadelphia*, 779 F. App'x 121, 125 (3d Cir. 2019) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009)).

Because Pryce is proceeding *pro se*, the Court construes his claims liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

### III

Pryce does not say which of his rights he believes the defendants violated. Construing his claims as liberally as possible, he seems to allege excessive force and deliberate indifference claims. Such claims are brought under 42 U.S.C. §

1983, "the vehicle by which federal constitutional claims may be brought in federal court." *Holliday v. Prime Care Med.*, 414 F. Supp. 3d 728, 730 (E.D. Pa. 2019).

The Eighth Amendment protects convicted prisoners from excessive force, specifically force applied "maliciously and sadistically for the very purpose of causing harm." *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 193 (3d Cir. 2021) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).[4] Pryce alleges he was physically "hit by a state employee" and "beaten." (Sec. Am. Compl. pp. 3, 5.) But he says nothing more. His allegations are too vague and conclusory to state a plausible claim.

The same goes for Pryce's deliberate indifference claim. Deliberate indifference to a prisoner's serious medical needs constitutes "unnecessary and wanton infliction of pain, which violates the Eighth Amendment." *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In other words, the Eighth Amendment "protects a prisoner's serious medical needs." *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 n.23 (3d Cir. 2023).[5] To allege a violation of this right to

---

[4] Pryce does not say whether the alleged beating occurred before or after he was convicted and sentenced. If it occurred before he was convicted, his excessive force claim would arise under the Fourteenth rather than the Eighth Amendment. *See Jacobs*, 8 F.4th at 193–94; *Crocker v. Beatty*, 995 F.3d 1232, 1246 (11th Cir. 2021) (explaining that "under the Supreme Court's current framework" for excessive force claims, "the Fourth Amendment covers arrestees, the Eighth Amendment covers [convicted] prisoners, and the Fourteenth Amendment covers 'those who exist in the in-between—pretrial detainees'" (quoting *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 952 (11th Cir. 2019))); *Porro v. Barnes*, 624 F.3d 1322, 1325–26 (10th Cir. 2010).

To state a Fourteenth Amendment excessive force claim, "a pretrial detainee must [allege] *only* that the force purposely or knowingly used against him was objectively unreasonable." *Jacobs*, 8 F.4th at 194 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015)). While Eighth Amendment excessive force claims are evaluated under a subjective standard, the standard for Fourteenth Amendment excessive force claims is objective. *Id.* The Second Amended Complaint suffers from the same deficiencies regardless of the standard applied, so whether Pryce was a convicted prisoner or a pretrial detainee does not alter the Court's analysis.

[5] Whether a pretrial detainee's Fourteenth Amendment claim for deliberate indifference to a serious medical need is evaluated under the same standard as such a claim brought under the Eighth Amendment is not settled. *Compare Short v. Hartman*, 87 F.4th 593, 608–11 (4th Cir. 2023) (explaining that under the Fourteenth Amendment, "[t]he plaintiff no longer has to show that the

medical care, a plaintiff must allege "(1) 'a serious medical need' and (2) 'acts or omissions by [individuals] that indicate a deliberate indifference to that need.'" *Id.* at 281 (alteration in original) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).  Pryce alleges he "got Covid because the prison would not protect." (Sec. Am. Compl. p. 3.) Aside from an additional statement that the defendants "did not protect [him]," (*id.* at 4), he alleges nothing further.  These barebones statements are not sufficient to state a plausible claim for denial of the right to medical care.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Pryce's remaining allegations concern his criminal charge and sentence.  (Sec. Am. Compl. pp. 3, 5.)  He contends he was sentenced twice for the same charge.  (*Id.*) But he cannot challenge his sentence through a civil rights lawsuit unless the sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

---

defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm.  That showing remains sufficient, but it is no longer necessary"), *with Strain v. Regalado*, 977 F.3d 984, 989–93 (10th Cir. 2020) (stating that the standard for "Fourteenth Amendment deliberate indifference claims" retains a subjective component; "the [defendant] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference" (second alteration in original) (quoting *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)).

"[T]he Third Circuit has continued to rely on Eighth Amendment standards when addressing medical claims of pretrial detainees."  *Evans v. Columbia Cnty.*, No. 1:20-722, 2024 WL 115202, 2024 U.S. Dist. LEXIS 5588, at *12 (M.D. Pa. Jan. 10, 2024); *see also Thomas*, 88 F.4th at 281 n.23 ("Because the Fourteenth Amendment affords pretrial detainees protections at least as great as those available to inmates under the Eighth Amendment, we will review Sherelle Thomas's claims for failure to render medical care under the Fourteenth Amendment by applying the same standard used to evaluate claims brought under the Eighth Amendment.").

But here too, the Court's conclusion does not change depending on whether Pryce was a pretrial detainee or a convicted prisoner, since he fails to state a plausible claim either way.  *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019) (declining to address the issue because the claims "fail[ed] under both standards").

federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Pryce alleges nothing of the sort, so he fails to state a claim.

IV

Pryce claims he "never received anything to indicate a [third] complaint was needed." (Pl.'s Resp. to GD Correctional's Mot. to Dismiss p. 1, ECF No. 80.) But he also argues GD cannot move to dismiss the Second Amended Complaint since the Court denied GD's motion last time it filed one. (*Id.*) The Court denied GD's last motion in the same Order where it noted the deficiencies in Pryce's Second Amended Complaint and instructed him on how to file a third. (ECF No. 77.) In other words, Pryce cites the same Order he claims he never received.

In his response to GD and in an additional "Motion to Dismiss Motions," (ECF No. 85), Pryce again adds alleged facts he did not plead in his Second Amended Complaint. But as the Court explained in its last Order, "the complaint may not be amended by the briefs in opposition to a motion to dismiss." (ECF No. 77 (quoting *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)); *see also Aponte v. Pottstown Sch. Dist.*, No. 18-3199, 2019 WL 3080938, 2019 U.S. Dist. LEXIS 116728, at *7–8 (E.D. Pa. July 11, 2019) (explaining that while pro se plaintiffs must be held to less stringent standards than lawyers, "such leniency does not permit a *pro se* litigant to rely on new facts [submitted] in response to a motion to dismiss to defeat the motion" (quotations omitted)); *Steinhardt v. Bernardsville Police Dep't*, No. 17-2169, 2020 WL 5204066, 2020 U.S. Dist. LEXIS 158272, at *2 n.3 (D.N.J. Aug. 31, 2020) ("This rule applies equally to *pro se* plaintiffs), *aff'd* 2021 WL 3929321, 2021 U.S. App. LEXIS 26505 (3d Cir. Sept. 2, 2021); *Williford v. Carlisle Borough Police Dep't*, No. 1:23-431,

2023 WL 7549180, 2023 U.S. Dist. LEXIS 203104, at *9 n.3 (M.D. Pa. Nov. 13, 2023) (applying this rule to a *pro se* plaintiff).[6]

On three separate occasions, the Court has instructed Pryce that any second amended complaint must "state the basis for [his] claims against each defendant" and "be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim." (ECF Nos. 14, 61, 68.) And most recently, it again told him that any third amended complaint he chose to file must "be a complete document that does not rely on any previously submitted complaints, briefs, or any other papers filed in this case." (ECF No. 77.) And it further explained that any such complaint must include "all factual allegations and claims he wishes the Court to consider," and describe, "specifically, what each defendant did to cause his alleged damages." (*Id.*)

However, additional facts asserted by a *pro se* litigant in responsive filings "may warrant granting leave to amend the underlying complaint." *Gordon v. Kartri Sales Co.*, No. 3:17-320, 2018 WL 1251965, 2018 U.S. Dist. LEXIS 39731, at *6 (M.D. Pa. Mar. 12, 2018) (citing *Arunachalam v. Pazuniak*, No. 15-259, 2017 WL 3978000, 2017 U.S. Dist. LEXIS 146370, at *25–26, 33–34 (D. Del. Sept. 11, 2017)). Even if the Court considered Pryce's additional allegations, his deliberate indifference claim and challenge to his sentence would still fail. Again, Pryce cannot challenge his sentence in this lawsuit unless he can show the sentence "has already been invalidated." *See Heck*,

---

[6] While courts may consider allegations in a *pro se* litigant's response to a motion to dismiss "which incorporate and are consistent with the allegations in [the] complaint," *see Mack v. Warden Loretto FCI*, 839 F.3d 286, 291 n.2 (3d Cir. 2016), considering Pryce's new allegations would allow him to effectively rewrite his pleading after he stood on the Second Amended Complaint rather than amending in accordance with the Court's order.

512 U.S. at 487.  Like the Second Amended Complaint, Pryce's responses do not indicate this is the case.

The same goes for his deliberate indifference claim.  Pryce alleges his inhalers were "taken" when he arrived at Chester County Prison, after he "indicated ast[h]ma." (Pl.'s Resp. to GD p. 4.)  While incarcerated, he claims he wrote several "requests" because he "knew inmates were furloughed to keep safe from Covid." (*Id.*)  He also alleges he "repeatedly reported" his asthma but was denied an inhaler, apparently by unnamed PrimeCare employees.  (Motion to Dismiss Motions p.3).  And he contends he "eventually caught Covid," apparently after a medical team "moved [him] in with a guy that had Covid." (Pl.'s Resp. to GD pp. 5-6.)

These allegations do not make Pryce's claim plausible.  Defendants in civil rights lawsuits "must have personal involvement in the alleged wrongs to be liable." *See Beitler v. City of Allentown*, No. 22-104, 2022 WL 768151, 2022 U.S. Dist. LEXIS 44275, at *16 (E.D. Pa. Mar. 14, 2022) (internal quotation marks omitted) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Pryce does not identify the individuals who moved him to the cell where he got sick. *See id.* at *14 (dismissing deliberate indifference claim where plaintiff failed to "allege specific actions by a [p]rison official regarding his cell placement").  These allegations are also not sufficient to state a claim against PrimeCare.  To hold the company liable for a constitutional violation, Pryce must allege it had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Id.* at *16–17 (alterations in original) (quoting *Natale*, 318 F.3d at 583–84).  None of his allegations suggest such a policy or custom exists.

Pryce's additional allegations regarding excessive force, however, are another matter.  He alleges that while he was working in the prison kitchen, supervisor Lewis complained to him about how a dish was prepared.  (Pl.'s Resp. to GD p. 5.)  After Pryce told Lewis someone else had prepared the dish, Lewis got angry and struck him with his shoulder, cracking his ribs.  (*Id.*)

These allegations would state a plausible claim, but not against GD itself.  Like PrimeCare, it is a private company providing prison services.  To hold it liable for a constitutional violation, Pryce must allege a relevant policy or custom that caused the constitutional violation.  *See Natale*, 318 F.3d at 583–84.  Pryce alleges no such policy or custom, so these allegations are insufficient to state an excessive force claim against GD.  But these allegations are sufficient to state a plausible excessive force claim against Lewis.

Courts have discretion to dismiss complaints with prejudice after "repeated failures to cure the deficienc[ies] by amendments previously allowed . . . " *Stovall v. Grazioli*, No. 20-2041, 2023 WL 3116439, 2023 U.S. App. LEXIS 10278, at *6–7 (3d Cir. Apr. 27, 2023) (quoting *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004)); *see also Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (finding further amendment futile where a *pro se* plaintiff "already had two chances to tell his story").  All three of Pryce's claims in the Second Amended Complaint fail.  Because the facts alleged in his responses only move the needle on his excessive force claim, the Court will give Pryce a truly final chance to plead that claim against Lewis properly.  If he intends to sue GD itself for excessive force as well, Pryce must allege GD had a relevant policy or custom that caused the injuries he alleges. And

he must name both defendants in the caption and body of any third amended complaint he files. He must also properly serve them with the Complaint. All other claims are dismissed with prejudice.[7]

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[7] Pryce's motion for appointment of counsel, (ECF No. 82), is denied. *See Smith v. Bureau of Prisons*, No. 23-20593, 2024 WL 3199975, 2024 U.S. Dist. LEXIS 112858, at *7 (D.N.J. June 26, 2024) ("As all of Plaintiff's current claims shall be dismissed, Plaintiff has failed to show that his claims are of sufficient merit to warrant the appointment of counsel.")