IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PRYCE, III, *Plaintiff,* v. PRIMECARE MEDICAL, et al., *Defendants.* | CIVIL ACTION NO. 21-753 |

# ORDER

**AND NOW**, this 12th day of August 2024, upon consideration of David Pryce's Second Amended Complaint (ECF No. 69), Defendants' Motions to Dismiss the Second Amended Complaint (ECF Nos. 78, 79), Pryce's Responses (ECF Nos. 80, 85),[1] and GD Correctional, LLC's Reply (ECF No. 81) it is **ORDERED** that:

1. The Motions are **GRANTED**.

2. All claims alleging failure to provide medical care, all claims alleging Pryce's sentence was unlawful, and all claims against PrimeCare Medical, Chester County, Chester County Prison, George Roberts, CO Pate, CO Edmonds, Judge Sommer, Erik Walschburger and any other "DA Attorneys" are **DISMISSED with prejudice**.

3. Pryce's excessive force claim is **DISMISSED** without prejudice. Pryce may file a final third Amended Complaint against GD Correctional Services, LLC and Supervisor Lewis on or before **Monday, September 9, 2024**. The Third Amended Complaint shall be a complete document that does not rely on any

---

[1] ECF No. 85 is not a motion but rather a response to the defendants' motions.

previously submitted complaints, briefs or any other papers filed in this case. The Third Amended Complaint will supersede and nullify all prior complaints. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). If Pryce chooses to file a third amended complaint, he must include therein all factual allegations and claims he wishes the Court to consider. Pryce should describe what happened to him and, specifically, what each defendant did to cause his alleged damages. When drafting the Third Amended Complaint, Pryce should be mindful of the Court's reasons for dismissing the claims in his Second Amended Complaint, as explained in the Court's Memorandum. The Court will not allow further amendment.

4. If Pryce does not wish to file a third amended complaint and instead intends to stand on the Second Amended Complaint as pled, he may file a notice with the Court stating that intent on or before **Monday, August 26, 2024**. If Pryce stands on his Second Amended Complaint, the Court will not consider any factual allegations or claims not included therein. Defendants may move to dismiss the Second Amended Complaint within fourteen days of Pryce's notice to the Court of his intent to stand on his Second Amended Complaint.

5. If Pryce fails to file any response to this Order, the Court will conclude that Pryce intends to stand on the Second Amended Complaint and will issue a final order dismissing this case. *See Weber v. McGrogan*, 939 F.3d 232, 239–40 (3d Cir. 2019) (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

6. Pryce's Motion to Appoint Counsel (ECF No. 82) is **DENIED** without prejudice.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.
